**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

WILLIAM BENNETT,
*Plaintiff,*

v.

UNITEDHEALTHCARE SERVICES, INC.,
*Defendant.*

No. 3:20-cv-01767 (VAB)

**RULING AND ORDER ON MOTION TO DISMISS & MOTION FOR LEAVE TO AMEND THE COMPLAINT**

William Bennett ("Plaintiff") has sued UnitedHealthcare Services, Inc. ("United" or "Defendant") for negligence following several hospital visits for which United allegedly failed to provide Mr. Bennett with adequate care and financial coverage. Compl., Ex. 1 to Notice of Removal, ECF No. 1-1 (Nov. 25, 2020).

United has moved to dismiss this case, Def. UnitedHealthcare Services Inc.'s Mot. to Dismiss, ECF No. 17 (Jan. 22, 2021) ("Def. Mot."). In response, Mr. Bennett has moved for leave to amend the Complaint, Mot. for Leave to Amend Compl., ECF No. 23 (Mar. 17, 2021) ("Mot. to Amend"); Am. Compl., ECF No. 23-1 (Mar. 17, 2021) ("Proposed Am. Compl.").

For the reasons stated below, Defendant's motion to dismiss is **GRANTED**. Mr. Bennett's motion for leave to amend the Complaint is **DENIED**.

## I. FACTUAL AND PROCEDURAL BACKGROUND

### A. Factual Allegations

William Bennett "is a 79 year old male who [allegedly] sustained a broken leg on [or around] January 15, 2020." Compl. ¶ 3. After receiving treatment at a hospital, Mr. Bennett

allegedly was "transferred to Grandview Rehabilitation and Healthcare Center ('Grandview')." *Id.*

While at Grandview, Mr. Bennett allegedly "contracted and suffered from a lung infection after [allegedly] being exposed to two infectious patients[.]" *Id.* ¶ 4. The infection allegedly caused Mr. Bennett to have to use an oxygen mask. *Id.*

On or around March 30, 2020, Mr. Bennett allegedly was "transferred back to [the hospital] after suffering from oxygen poisoning at Grandview." *Id.* ¶ 5. United allegedly denied Mr. Bennett medical coverage for his treatment in the hospital's Intensive Care Unit "from March 30, 2020 through April 5, 2020." *Id.* ¶ 6.

On or around April 16, 2020, Mr. Bennett allegedly was transferred from the hospital to another location, Suffield House, after "refus[ing] to return to Grandview." *Id.* ¶ 7.

On or around June 9, 2020, United allegedly "again denied coverage" to Mr. Bennett. *Id.* ¶ 8. Consequently, on or around June 24, 2020, Mr. Bennett allegedly left Suffield House and returned home. *Id.* ¶ 9. Allegedly, "[f]our hours after returning home, [Mr. Bennett] got stuck trying to get into his bathroom . . . and was returned to Suffield House via ambulance[.]" *Id.* ¶ 10.

"From July 25, 2020 through August 17, 2020," United allegedly "provided coverage." *Id.* ¶ 11. On or around August 19, 2020, Mr. Bennett allegedly had to "to return home" because United allegedly "denied coverage again." *Id.* ¶ 12.

On or around August 20, 2020, Mr. Bennett allegedly "fell in [his] downstairs bathroom" in such a way "that his airway was [allegedly] constricted by his walker and his feet were forced backwards." *Id.* ¶ 13. The fire department allegedly was called. *Id.* ¶ 14. Allegedly, after taking "over an hour to help [Mr. Bennett] off the floor[,] [Mr. Bennett] was taken to [the hospital]."

*Id.* Mr. Bennett allegedly "suffered from severe pain, pulled ligaments, a blood clot[,] and extensive bruising" after the fall. *Id.*

"On [or around] August 22, 2020, [Mr. Bennett] [] returned to Suffield House." *Id.* ¶ 15.

**B. Procedural History**

On October 28, 2021, Mr. Bennett filed suit against United in the Superior Court of Connecticut, Judicial District of Hartford, for alleged "carelessness and negligence." *Id.* ¶¶ 16-19; *Bennett v. UnitedHeathcare Services*, No. HHD-cv-20-6134532-S (Conn. Super. Ct. Oct. 28, 2020).

On November 25, 2020, United removed the case to this Court. Notice of Removal, ECF No. 1 (Nov. 25, 2020).

On January 22, 2021, United filed a motion to dismiss Mr. Bennett's Complaint. Def. Mot.; Mem. in Supp. of Mot. to Dismiss, ECF No. 17-2 ("Def. Mem").

On March 17, 2021, Mr. Bennett filed a motion for leave to file an amended complaint. Mot. to Amend; Proposed Am. Compl.

On the same day, United filed a reply in support of its motion to dismiss. Reply in Supp. of Mot. to Dismiss, ECF No. 24 (Mar. 17, 2021) ("Def. Reply").

On April 7, 2021, United filed a memorandum in opposition to the motion for leave to amend the Complaint. Opp'n to Mot. for Leave to Amend the Compl., ECF No. 25 (Apr. 7, 2021) ("Def. Opp'n").

**II. STANDARD OF REVIEW**

**A. Rule 12(b)(1)**

"A case is properly dismissed for lack of subject matter jurisdiction under [Federal] Rule [of Civil Procedure] 12(b)(1) when the district court lacks the statutory or constitutional power to

adjudicate it." *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000) (citing Fed. R. Civ. P. 12(b)(1)). The plaintiff bears the burden of establishing by a preponderance of the evidence that the court has subject matter jurisdiction over the claims. *See id.*

"When considering a motion to dismiss [under] Rule 12(b)(1), the court must take all facts alleged in the complaint as true and draw all reasonable inferences in favor of plaintiff." *Sweet v. Sheahan*, 235 F.3d 80, 83 (2d Cir. 2000); *see also Nat. Res. Def. Council v. Johnson*, 461 F.3d 164, 171 (2d Cir. 2006) (quoting *Sweet*, 235 F.3d at 83). The court, however, may also resolve disputed jurisdictional issues "by referring to evidence outside of the pleadings, such as affidavits, and if necessary, hold an evidentiary hearing." *Karlen ex rel. J.K. v. Westport Bd. of Educ.*, 638 F. Supp. 2d 293, 298 (D. Conn. 2009) (citing *Zappia Middle E. Constr. Co. v. Emirate of Abu Dhabi*, 215 F.3d 247, 253 (2d Cir. 2000)).

"When the Rule 12(b)(1) motion is facial, *i.e.*, based solely on the allegations of the complaint . . ., the plaintiff has no evidentiary burden." *Carter v. HealthPort Techs., LLC*, 822 F.3d 47, 56 (2d Cir. 2016). "A defendant is [also] permitted to make a fact-based Rule 12(b)(1) motion, proffering evidence beyond the [p]leading." *Id.* "In opposition to such a motion, the plaintiffs will need to come forward with evidence of their own to controvert that presented by the defendant 'if the affidavits submitted on a 12(b)(1) motion . . . reveal the existence of factual problems' in the assertion of jurisdiction." *Id.* (quoting *Exch. Nat'l Bank of Chi. v. Touche Ross & Co.*, 544 F.2d 1126, 1131 (2d Cir. 1976)).

**B. Rule 12(b)(6)**

A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). Any claim that fails "to state a claim upon which relief can be granted" will be dismissed. Fed. R. Civ. P. 12(b)(6). In reviewing a

complaint under Rule 12(b)(6), a court applies a "plausibility standard" guided by "two working principles." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

First, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*; *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) ("While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." (internal citations omitted)). Second, "only a complaint that states a plausible claim for relief survives a motion to dismiss." *Iqbal*, 556 U.S. at 679. Thus, the complaint must contain "factual amplification . . . to render a claim plausible." *Arista Records LLC v. Doe 3*, 604 F.3d 110, 120 (2d Cir. 2010) (quoting *Turkmen v. Ashcroft*, 589 F.3d 542, 546 (2d Cir. 2009)).

When reviewing a complaint under Federal Rule of Civil Procedure 12(b)(6), the court takes all factual allegations in the complaint as true. *Iqbal*, 556 U.S. at 678. The court also views the allegations in the light most favorable to the plaintiff and draws all inferences in the plaintiff's favor. *Cohen v. S.A.C. Trading Corp.*, 711 F.3d 353, 359 (2d Cir. 2013); *see also York v. Ass'n of the Bar of the City of N.Y.*, 286 F.3d 122, 125 (2d Cir. 2002) ("On a motion to dismiss for failure to state a claim, we construe the complaint in the light most favorable to the plaintiff, accepting the complaint's allegations as true.").

A court considering a motion to dismiss under Rule 12(b)(6) generally limits its review "to the facts as asserted within the four corners of the complaint, the documents attached to the complaint as exhibits, and any documents incorporated in the complaint by reference." *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 191 (2d Cir. 2007). A court also may consider

"matters of which judicial notice may be taken" and "documents either in plaintiffs' possession or of which plaintiffs had knowledge and relied on in bringing suit." *Brass v. Am. Film Techs., Inc.*, 987 F.2d 142, 150 (2d Cir. 1993); *Patrowicz v. Transamerica HomeFirst, Inc.*, 359 F. Supp. 2d 140, 144 (D. Conn. 2005).

### C. Rule 15

Rule 15 of the Federal Rules of Civil Procedure provides that a party may either amend once as a matter of course within 21 days of service or the earlier of 21 days after service of a required responsive pleading or motion under Rule 12 (b), (e) or (f). Fed. R. Civ. P. 15(a)(1). Once that time has elapsed, a party may move for leave to file an amended complaint. Fed. R. Civ. P. 15(a)(2). The "court should freely give leave when justice so requires." *Id.*

The decision to grant leave to amend under Fed. R. Civ. P. 15 is within the discretion of the court, but the court must give some "justifying reason" for denying leave. *Foman v. Davis*, 371 U.S. 178, 182 (1962). Reasons for denying leave to amend include "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc[.]" *Id.*; *see also Lucente v. Int'l Bus. Machines Corp.,* 310 F.3d 243, 258 (2d Cir. 2002) (noting leave to amend may be denied when amendment is "unlikely to be productive," such as when an amendment is "futile" and "could not withstand a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6)").

## III. DISCUSSION

Mr. Bennett has sued United for alleged carelessness and negligence and seeks monetary relief. Compl. United argues that this matter should be dismissed, in part, because this Court lacks jurisdiction over the dispute. In response, Mr. Bennett has filed a motion for leave to

amend his Complaint. The Court first will address the question of jurisdiction and then, if necessary, the motion to amend.

**A. Jurisdiction**

"[T]he Supreme Court has explained, 'the sole avenue for judicial review for all claims arising under the Medicare Act' is through the exhaustion of administrative remedies before the Secretary." *Potts v. Rawlings Co., LLC*, 897 F. Supp. 2d 185, 191 (S.D.N.Y. 2012) (quoting *Heckler v. Ringer*, 466 U.S. 602, 614–15 (1984)).

United argues that Mr. Bennett agreed to the terms of their "Medicare Advantage Plan," which "sets forth a detailed process for challenging a denial of a claim for health care services[] [and] comprises more than forty pages of the Plan." Def. Mem. at 3; *see* 2020 Evidence of Coverage, Exhibit A to Def. Mem., ECF No. 17-1 (Jan. 22, 2021) (the "Plan"). According to United, Mr. Bennett was provided the opportunity to have his coverage extended by following the Plan's "five-step process to challenge [a] den[ial] [of] continued admission in a skilled nursing facility." Def. Mem. at 3 (citing the Plan at 9-36–9-49). United argues that "[t]here are no allegations in the Complaint that Plaintiff followed any of the steps laid out in the Medicare Advantage Plan's appeals process." *Id.* at 4.

United also argues that Mr. Bennett's claims are preempted by law. *See id.* at 6. According to United, 42 U.S.C. §§ 1395, *et seq.* (the "Medicare Act"), "expressly preempts [Mr. Bennett's] state law claim, and provides that [his] sole recourse regarding an alleged improper denial of coverage lies under the Plan and the Medicare Act." Def. Mem. at 1. United argues that "[u]nder traditional Medicare, the federal government paid providers directly for services provided to Medicare beneficiaries. However . . . Congress created 'an alternative program whereby Medicare beneficiaries can receive Medicare benefits through a variety of

private plans.'" *Id.* at 6 (internal citation omitted) (citing *Hepstall v. Humana Health Plan, Inc.*, No. 18-CV-0163 (JB) (MU), 2018 WL 6588555, at *3 (S.D. Ala. Nov. 26, 2018)). According to United, "the Medicare Advantage Program [] was designed to create a cost-effective and innovative way to provide health benefits to Medicare beneficiaries." *Id.* United argues that "the Medicare Act provides the basis for [Mr. Bennett]'s standing and substantive claims, because the sole alleged relationship between the parties is [his] participation in [United's] Medicare Advantage Plan[.]" *Id.* at 9 (citing *Sarene Servs., Inc. v. Empire Blue Cross/Blue Shield*, No. 17-CV-5276 (DRH) (AYS), 2019 WL 402858, at *3 (E.D.N.Y. Jan. 29, 2019) ("A claim arises under the Medicare Act if (1) both the standing and the substantive basis for the presentation of the claim is the Medicare Act, or (2) if the claim is inextricably intertwined with a claim for Medicare benefits." (internal quotation marks omitted))). United also cites to the Supreme Court's decision in *Heckler v. Ringer*, stating "the sole avenue for judicial review for all claims arising under the Medicare Act requires the exhaustion of administrative remedies before the Secretary of Health and Human Services." *Id.* at 8–9 (internal quotation marks omitted) (quoting *Heckler*, 466 U.S. at 614-15). United argues that "[t]he [C]omplaint should be dismissed because Plaintiff does not allege any facts establishing that he has exhausted his administrative remedies." *Id.* at 9.

The Plan does, indeed, provide a clear order of recourse should a person with the plan be denied medical coverage at any time. *See* Plan at 9-1–9-49. The Plan explains that "[s]ometimes it can be confusing to start or follow through the process for dealing with a problem. This can be especially true if you do not feel well or have limited energy. Other times, you may not have the knowledge you need to take the next step." *Id.* at 9-4. The Plan goes on to provide information, including two phone numbers and an e-mail address for Medicare, as well as

encouraging a person who wishes to appeal the denial of coverage to contact their "State Health Insurance Assistance Program." *Id.* at 9-5. The Plan also contains a section entitled "[h]ow to get help when you are asking for a coverage decision or making an appeal," *id.* 9-7, and even gives a "[s]tep-by-step" guide for "[h]ow to ask [United's] plan to authorize or provide the medical care [the person with the Plan] want[s]." *Id.* at 9-9.

Mr. Bennett does not suggest in either his Complaint or the proposed Amended Complaint that he used or attempted to use any of the remedies provided by the Plan after he was allegedly denied coverage.

Until all administrative remedies have been satisfied, this Court does not have jurisdiction over this matter. *See, e.g., Potts*, 897 F.Supp.2d at 199 (dismissing claims arising under the Medicare Act for lack of subject matter jurisdiction because "Plaintiffs were obligated to exhaust their administrative remedies before bringing this action"). As a result, any adjudication of this matter is preempted by federal law.

In the absence of federal question jurisdiction, the Court must dismiss the case in its entirety. *Canadian St. Regis Band of Mohawk Indians v. State of N.Y.*, 573 F. Supp. 1530, 1538 (N.D.N.Y. 1983) ("It is the obligation of the trial court to notice, on its own, want of subject matter jurisdiction." (citing *Arnold v. Troccoli*, 344 F.2d 842, 844 (2d Cir. 1965))); *see also Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006) ("[W]hen a federal court concludes that it lacks subject-matter jurisdiction, the court must dismiss the complaint in its entirety.").

Accordingly, the case will be dismissed for lack of jurisdiction.

### B. Leave to Amend

"[A] motion for leave to amend a complaint may be denied when amendment would be futile." *Tocker v. Phillip Morris Cos., Inc.*, 470 F.3d 481, 491 (2d Cir. 2006) (citing *Ellis v.*

*Chao*, 336 F.3d 114, 127 (2d Cir. 2003)); *see also Kim v. Kimm*, 884 F.3d 98, 105–06 (2d Cir. 2018) ("Therefore, because the proposed amendments would have no impact on the basis for the district court's dismissal and would consequently be futile, the district court did not abuse its discretion in denying [plaintiff] leave to amend." (citing *Ellis*, 336 F.3d at 127)).

Mr. Bennett seeks leave to amend the Complaint, "to clarify and simplify the existing allegations, and to avoid making a claim that is pre-empted by federal law." Mot. to Amend at 1.

As explained above, the sole basis for granting leave to amend the Complaint would be to provide evidence of the Court's jurisdiction over this matter. The proposed Amended Complaint filed by Mr. Bennett, however, does nothing to cure any of the deficiencies listed above; because Mr. Bennett has still not exhausted his administrative remedies, the Medicare Act prohibits federal courts from exercising jurisdiction over this dispute, *see Potts*, 897 F. Supp. 2d at 191.

Indeed, as United rightly notes, Mr. Bennett's negligence claim is wholly dependent on the same legal theory as his original legal theory: that his injuries resulted from the denial of insurance coverage. Def. Opp. Mem. at 5 ("Nothing in the proposed Amended Complaint changes the nature of the relationship between the parties or the fact that the negligence claim is rooted in United's decisions regarding the scope of coverage available to Plaintiff under the Medicare Advantage Plan."). But that is not enough to save this lawsuit from dismissal. *See Potts*, 897 F.Supp.2d at 200 (noting that exhaustion requirements likely applied to state tort claims turning on "essentially the same legal theory" and further noting that, even if exhaustion did not apply, preemption likely would). As a result, granting leave to amend the Complaint would be futile.

Accordingly, the motion for leave to amend the Complaint will be denied.

## IV. CONCLUSION

For the reasons stated above, Defendant's motion to dismiss is **GRANTED**. Mr. Bennett's motion to amend the Complaint is **DENIED**.

The Clerk of Court is respectfully directed to close this case.

**SO ORDERED** at Bridgeport, Connecticut, this 6th day of August, 2021.

/s/ Victor A. Bolden
VICTOR A. BOLDEN
UNITED STATES DISTRICT JUDGE